UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY BAILEY,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>OAKDALE POLICE DEPARTMENT, et al.,<br><br>　　　　　　Defendants. | 1:05-cv-00113-REC-SMS<br><br>ORDER GRANTING THE MOTION OF STEPHEN SOLANO TO WITHDRAW AS ATTORNEY OF RECORD (DOC. 37)<br><br>INFORMATIONAL ORDER TO PLAINTIFF<br><br>ORDER DIRECTING THE CLERK TO UPDATE THE DOCKET |

　　　　Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c) and 72-303.

I. <u>Background</u>

　　　　On November 18, 2005, Stephen Solano, counsel for Plaintiff, filed a motion to withdraw as attorney of record for Plaintiff, including points and authorities and counsel's declaration, and a proof of service of the motion by mail on Plaintiff at an address declared by counsel to be Plaintiff's last known address. The Court's docket reveals that the motion has been electronically served on counsel for Defendants. On November 29, 2005, the Court directed that any opposition or input on the motion be filed no

1

later than December 22, 2005. On December 5, 2005, Defendant filed notice of non-opposition to the motion. No other input or opposition has been received; Plaintiff has not opposed or otherwise objected to counsel's motion to withdraw. By separate order the Court has vacated the hearing on the motion set for January 13, 2006, and deemed the matter submitted to the Court.

II. <u>Motion to Withdraw</u>

The grounds of the motion are that a breakdown in the attorney-client relationship has occurred such that Plaintiff has made Solano's continued representation of Plaintiff unreasonably difficult.

Local Rule 83-182(d) provides that an attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and notice to the client and all other parties who have appeared. Further, it requires that the attorney provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Here, Plaintiff's address is stated in the moving papers, and proof of service establishes his timely notification by mail of the instant motion.

Local Rule 83-182 further states that withdrawal of the attorney is governed by the Rules of Professional Conduct of the State Bar of California, and that the attorney shall conform to the requirements of those Rules.

Local Rule 83-182 provides that an attorney may request withdrawal if grounds exist pursuant to the Rules of Professional Conduct of the State Bar of California. Rule of Professional

2

Conduct 3-700(C)(1)(d) permits withdrawal if the client by his or her conduct renders it unreasonably difficult for the member to carry out the employment effectively.

Here, Solano has established that grounds for withdrawal exist. Warren has provided the address and telephone number of the client.

The moving attorney having shown grounds for withdrawal and having complied with the applicable rules, the motion of attorney Stephen Solano to withdraw as attorneys for Plaintiff IS GRANTED.

### III. Updating the Docket

Because the withdrawal of counsel results in Plaintiff's proceeding pro se in this action, the Clerk of Court IS DIRECTED TO UPDATE the docket to reflect Plaintiff's pro se status; his last known address of 1049 East A Street, Oakdale, California 95361, and his last known telephone number of (209) 681-4327.

Service of this order upon Plaintiff shall be made by mail at said address.

### IV. Informational Order to Plaintiff

**Plaintiff IS INFORMED that failure to take appropriate legal action may result in serious legal consequences, and consideration of obtaining legal assistance is strongly advised.**

**Plaintiff is further advised that regardless of whether or not Plaintiff is represented by counsel, Plaintiff will be expected to comply with all the requirements and deadlines stated in the Court's scheduling order of April 25, 2005, and the pertinent Federal Rules of Civil Procedure. As a party appearing in propria persona, Plaintiff is also required by Local Rule 83-183(b) to notify the Clerk and all other parties of any change of**

1 address or telephone number.

2       A failure to comply with an order of the Court may result in
3 a recommendation that the action be dismissed or in other
4 sanctions. Local Rule 11-110.

6 IT IS SO ORDERED.

7 **Dated:    January 6, 2006**                    **/s/ Sandra M. Snyder**
  icido3                                 UNITED STATES MAGISTRATE JUDGE